**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

JARRELL CORK,

     **Movant,**

v.

UNITED STATES OF AMERICA,

     **Respondent.**

**Case No. 1:25-cv-01108-STA-jay**

---

**ORDER DENYING RELIEF UNDER 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

---

Jarrell Cork filed a pro se 28 U.S.C. § 2255 motion and an amended motion on April 28, 2025. (ECF Nos. 1, 2.) The Government was directed to respond on May 5, 2025. (ECF No. 5.) Thereafter, the Government filed its answer in opposition to the motion (ECF No. 6) and also filed the affidavit of Alexander Camp, Cork's attorney during the criminal proceedings. (ECF No. 6-1.) Cork filed a reply on July 7, 2025. (ECF No. 7.) The matter has now been fully briefed, and the Court finds that the motion should be **DENIED**.

**Background**

On September 11, 2023, grand jurors in the Western District of Tennessee indicted Cork with one count of violating 18 U.S.C. §922(g)(1) in case number 23-cr-10059-STA. The indictment further alleged that Cork qualified as an Armed Career Criminal in violation of 18 U.S.C. §924(e) based on his prior criminal convictions. On February 27, 2024, the Court conducted a change of plea hearing wherein a written plea agreement entered into by the parties was accepted.

On June 11, 2024, the Court sentenced Cork to 185 months of incarceration as an Armed Career Criminal.

Cork raises several grounds for § 2255 relief: (1) he received an "illegal sentence" because of his attorney's ineffectiveness; (2) his attorney was ineffective for failing to file a direct appeal pursuant to the United States Supreme Court's holding in *United States v. Erlinger*; (3) he is entitled to a new sentencing hearing based on *Erlinger*; (4) his attorney was ineffective for failing to request a categorical approach to his drug offense and prior convictions; (5) his attorney was ineffective for failing to file a motion to suppress.

**<u>Analysis</u>**

A Court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). That is, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." (citations omitted)). A Court reviewing a § 2255 motion is not required to conduct an evidentiary hearing when a movant's "self-serving statements in an affidavit [] are contradicted by a credible version of events in an affidavit from his trial counsel." *United States v. Walls*, 2008 WL 927926, at *12 (E.D. Ky. Apr. 4, 2008); *see also Cummings v. United States*, 84 F. App'x 603, 2003 WL 23140049 (6th Cir. 2003) (affirming denial of § 2255 motion when district court credited trial counsel's affidavit stating that defendant had not asked him to file appeal); *Garner v. United States*, 2006

2

WL 2585066 (E.D. Tenn. 2006) (affirming denial of § 2255 motion, crediting counsel's affidavit that defendant did not request appeal over contrary statement of defendant that he requested appeal). The Court finds that an evidentiary hearing is not warranted in the present case because the undisputed facts in the record show conclusively that Cork's claims are without merit.

**Legal Standard**

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In his motion, Cork claims that Attorney Camp provided ineffective assistance of counsel in various ways. A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude cognizable in a § 2255 proceeding. *See id.* Such a claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 966. To succeed on an ineffective-assistance claim, a movant must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A Court considering a claim of

3

ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

In *Bobby v. Van Hook*, the Supreme Court reiterated that an objective standard of reasonableness is required:

> No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Restatements of professional standards, we have recognized, can be useful as "guides" to what reasonableness entails, but only to the extent they describe the professional norms prevailing when the representation took place.

*Bobby v. Van Hook*, 558 U.S. 4, 7 (2009) (citations omitted).

To demonstrate prejudice, a movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

There is a "strong presumption that defense counsel's decisions are guided by sound trial strategy," but "[t]he trial strategy itself must be objectively reasonable." *Miller v. Francis*, 269 F.3d 609, 616 (6th Cir. 2001). "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial

4

with obvious unfairness." *Id.* at 615-16. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

**Claims**

As his first claim, Cork contends that Attorney Camp's representation was defective because he failed to object to Cork's prior convictions being used to enhance his sentence under the Armed Career Criminal Act ("ACCA") pursuant to *United States v. Wooden*, 595 U.S. 360 (2022). The ACCA mandates a fifteen-year minimum sentence for unlawful gun possession when the offender has three or more prior convictions for violent felonies like burglary "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

In *Wooden*, the Supreme Court addressed whether a defendant's ten burglary convictions, which were the result of his burglarizing ten units in a single storage facility in the course of one evening, occurred on "occasions different" for purposes of the ACCA. 595 U.S. at 362–63. The Court concluded that those burglaries arose from a single criminal episode and, therefore, counted only once under the ACCA. *Id.* at 363. The Sixth Circuit Court of Appeals had concluded that the burglaries constituted ten separate occasions because it was possible to determine when the first offense was completed and the point at which the second offense began. *Id.* at 365 (citing *United States v. Wooden*, 945 F.3d 498, 505 (2019)). The Supreme Court pointed out that the Sixth Circuit had reasoned that offenses occurred on different occasions anytime they took place sequentially, rather than simultaneously. *Id.* The Supreme Court disagreed with this approach, concluding that multiple crimes may occur on one occasion, even if not at the exact same moment. *Id.* at 366. The Court noted that often a single factor, especially time or place, can "decisively differentiate occasions." *Id.* at 369–70. "Courts, for instance, have nearly always treated offenses as occurring

5

on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" *Id.* at 370.

Cork argues that Attorney Camp should have objected to his Armed Career Criminal designation because some of his convictions ran concurrently in state court. However, as noted by the Government, Cork's criminal history is distinct from *Wooden* for two reasons: (1) Cork's aggravated burglaries occurred over more than a single evening, and (2) whether some sentences ran concurrently has no bearing on whether they occurred on separate occasions.

Cork's presentence investigation report ("PSR") listed seven aggravated burglary convictions. Cork committed two offenses on January 11, 2011, one offense on July 13, 2022, two offenses on May 3, 2012, one offense on May 8, 2012, and one offense on August 21, 2012. Thus, at least four of his offenses occurred on dates and at different residences and with different victims. (PSR, 23-cr-10059-STA, PageID 100-04, ECF No. 31.) Attorney Camp had no factual or legal basis to argue that Cork was not an Armed Career Criminal and, thus, his performance could not have been defective.

Next, Cork argues that Attorney Camp was ineffective for failing to file a direct appeal and challenge the Court's ACCA enhancement based on the United States Supreme Court's opinion in *Erlinger v. United States*, 602 U.S. 821 (2024). At the time of Cork's sentencing, Sixth Circuit precedent allowed the district court to decide whether prior offenses were committed on different occasions. *See United States v. Campbell*, 122 F.4th 624, 629 (6th Cir. 2024) (citations omitted). *Erlinger*, which was decided after Cork's sentencing, [1] "held that the Fifth and Sixth Amendments

---

[1]  *Erlinger* was decided on June 21, 2024.  Judgment in Cork's criminal case was entered ten days prior to the *Erlinger* decision on June 11, 2024.

require a unanimous jury to determine whether a defendant's past offenses were committed on separate occasions." *Id.*

An attorney's failure to file a notice of appeal at the defendant's request is per se ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In cases in which the defendant neither asks for an appeal nor instructs an appeal not be taken, counsel has a constitutional obligation to consult with his client "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. "We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Id.* at 481. The *Flores-Ortega* Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Id.* at 471.

In the present case, Cork does not assert that he asked Attorney Camp to file an appeal – only that Attorney Camp did not do so. Therefore, the Court must consider whether Attorney Camp had a duty to consult with Cork about an appeal. Of note, is that Cork waived his right to appeal his sentence in his plea agreement. (Plea Ag., 23-cr-10059-STA, PageID 39, ECF No. 27.)

Additionally, the Sixth Circuit has determined that "any *Erlinger* error is subject to harmless-error review" in a collateral attack. *See Goff v. United States*, 2025 WL 4034307, at *4 (6th Cir. Aug. 12, 2025) (citations omitted). As discussed above, Cork had at least three prior convictions for a violent or a serious drug offense or both. "Thus, the error, if any, in not submitting the occasions question to a hypothetical jury did not have substantial or injurious effect or

7

influence on the verdict reached in [Cork's] case." *Id.* Furthermore, "Courts within this circuit have unanimously concluded that the new rule announced in *Erlinger* is not retroactively applicable on collateral review." *Gann v. United States*, 2026 WL 886616, at *11 (E.D. Tenn. Mar. 30, 2026) (collecting cases).

Moreover, any *Erlinger* claim is barred by procedural default. Claims that were not previously raised on direct appeal are procedurally defaulted, that is, they cannot be argued for the first time in a §2255 motion. *See*, *e.g.*, *Gibbs v. United States*, 655 F.3d 473, 475 (6th Cir. 2011). A procedurally defaulted claim may only be raised on habeas "if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011) (citation omitted). "Actual innocence" means "factual innocence, not merely legal insufficiency." *Id.* In this case, Cork has not argued "cause and prejudice" to excuse his failure to raise this claim on direct appeal (especially in light of his agreement to waive his right to file a direct appeal) nor has he presented any facts to show "actual innocence." Thus, he cannot overcome the procedural default bar.

Next, Cork contends that Attorney Camp was ineffective for failing to seek the categorical approach and that Attorney Camp had a conflict of interest in representing him. Cork contends that his conviction for sale of cocaine under 0.5 grams should not have been used to enhance his sentence under the ACCA because that conviction was not a serious drug offense. The Government agrees with Cork but points out that neither the PSR nor this Court used that conviction to find that Cork qualified for the ACCA enhancement. The PSR denotes qualifying convictions with an asterisk, and the sale of cocaine does not contain an asterisk. (PSR, 23-cr-10059-STA, PageID 99, ECF No. 31.)

As for an alleged conflict of interest on the part of Attorney Camp, Cork has provided no facts in support of his claim. "[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under §2255." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (citations omitted).

Finally, Cork alleges that Attorney Camp was ineffective for failing to file a motion to suppress. The Government rightly points out that, when an individual alleges that ineffective assistance occurred prior to the entry of a guilty plea, "a guilty plea represents a break in the chain of events and extinguishes the defendant's right to raise independent claims relating to events that occurred prior to the entry of the guilty plea." *United States v. O'Neill*, 94 F.4th 531, 537 (6th Cir. 2024) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). That is, "'[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea,' including claims of ineffective assistance of counsel that do not relate to the voluntariness of the plea." *Hawkins v. United States*, 2022 WL 4682518, at *4 (6th Cir. Sept. 8, 2022) (citing *Tollett*.) Accordingly, Cork has not shown any entitlement to relief for Attorney Camp's failure to file a motion to suppress. Moreover, Attorney Camp's affidavit (ECF No 6-1) shows that he researched the possibility of such a motion and explained to Cork why he had no basis for filing one.

Because Cork has failed to show under *Strickland* that Attorney Camp's performance was deficient and "that the deficient performance prejudiced the defense," Cork's § 2255 motion is **DENIED**.

**Appeal Issues**

A § 2255 movant may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the [motion] was denied on procedural grounds, the [movant] must show, 'at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the motion. Because any appeal by Cork does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.* In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.

10

Leave to appeal *in forma pauperis* is therefore **DENIED**.[2]

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. Thomas Anderson
United States District Judge

Date: May 12, 2026.

---

[2] If Cork files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.